IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                    Case No. 1:24-cr-01105-MLG

EDISON BRADY,

    Defendant.

## ORDER REGARDING *LAFLER/FRYE* HEARING

**THIS MATTER** came before the Court on the parties' emailed request for *Lafler/Frye* Hearing. The Court held a *Lafler/Frye* hearing on August 6, 2025. AUSA Jena Ritchey appeared on behalf of the United States. Edward Bustamante appeared on behalf of Defendant Edison Brady, who was personally present.

Based on the representations of counsel and the testimony of Mr. Brady, the Court finds the following facts:

On July 24, 2025, Ms. Ritchey emailed a plea offer to Mr. Bustamante in the form of a proposed plea agreement, which was attached to the email.[1] Mr. Bustamante met with Mr. Brady in person at the Cibola County Detention Center during the week of July 28, 2025, to discuss the plea offer and the proposed plea agreement. That meeting lasted about an hour and a half. Mr. Brady had the opportunity to ask questions about the plea offer, and he stated that he understood the plea offer. Mr. Bustamante also discussed the plea offer with Mr. Brady by telephone on at least two occasions towards the end of the week of July 28, before the expiration of the plea offer

---

[1] The email and proposed plea agreement are attached under seal to the clerk's minutes as Government Exhibit 1.

on August 1, 2025. Mr. Bustamante explained to Mr. Brady that he would not have to state in open court what he did that makes him guilty, but that he instead could rely on the factual basis in the plea agreement. Mr. Brady stated that he understood this. After his discussions with Mr. Bustamante, Mr. Brady decided to reject the government's plea offer.

Both Mr. Bustamante and Mr. Brady confirmed that the plea offer they discussed was the one reflected in Government's Exhibit 1. Mr. Brady testified that he and Mr. Bustamante discussed the pros and cons of accepting the plea offer, and that he decided not to accept the plea offer. He understood that by not accepting the plea offer, his case likely would go to trial. He also understood that if he is convicted at trial, his sentence may be longer than the sentence he would have received under the government's plea offer.

**IT IS THEREFORE ORDERED** that the parties' request for *Lafler/Frye* Hearing is **GRANTED** to the extent that the Court held the hearing. The Court finds that the United States extended one formal plea offer to Mr. Brady by email on July 24, 2025, that the offer was conveyed and explained to Mr. Brady in a timely manner, and, after consulting with his attorney, Mr. Brady knowingly and voluntarily rejected the plea offer.

_____
**LAURA FASHING**
**U.S. MAGISTRATE JUDGE**